THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON CASERTA,

    Defendant.

Case No: 1:20-CR-183

Honorable Robert Jonker

## DEFENDANT CASERTA'S RESPONSE TO THE GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant Caserta filed a Motion to Compel Discovery, ECF # 225 on July 12, 2021. Counsel moved the Court to order the cell phone data regarding CHS-2/CHS 99252 A.K.A. "Dan's" phone as well as F.B.I. agents Henrik Impola and Jayson Chambers' cell phones. In support, Defendant produced a small portion of text messages between Dan's F.B.I. handler, now believed to be Jayson Chambers, and Dan. These text messages indicate the F.B.I. was pushing their paid agent to actively recruit people into an overt act in furtherance of a conspiracy. The Government responded to Defendant Caserta's motion on August 9, 2021 ECF #260. The Government suggests the following as reasons to deny Defendant's Motion:

1. Much of the information is not relevant and overbroad.
2. Some of the information is protected by informant privilege.
3. The Government will review the material on Dan's and the F.B.I. agents' phones and internally decide if the material is discoverable.
4. The discovery is voluminous.

5. The Defendant did not proffer enough information to suggest the information was material under Rule 16.

Specifically, Defendant Caserta is asking this Court to Order production of the communication between S.A. Impola/S.A. Chambers and Dan regarding this investigation, as well as Dan's communication between himself and anyone else regarding this investigation.  Whether it's an encrypted chat, Facebook direct message, text, photos, videos or other communication involving this investigation.  Defendant does not need an entire phone dump or extraction.

The thrust of the Government's argument seems to be that Counsel has not provided enough evidence to demonstrate a need for the information sought.  Specifically, the Government writes "Franks and Caserta have not explained why they need this information, or otherwise met their burden.  Caserta offers only an exchange between an informant and an agent…"  Counsel stands by his motion as demonstrating Dan as the person at the center of all activity, and that the agents are pushing Dan to actively recruit and entice people to either enter a conspiratorial agreement or an overt act in support of an agreement.  Dan is at the heart of the case and fundamental fairness directs disclosure of his communications:

> The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. This privilege is limited, however, by the fundamental requirements of fairness. When disclosure of an informer's identity, **or of the contents of his communication,** is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. *United States v. Doxey*, 833 F.3d 692, 697 2016 (6th Cir.) (emphasis mine)

While Counsel believes he has supplied ample support for his discovery motion, Defense Counsel has found more evidence to further support of this motion.

2

As described in more detail below, Counsel has found further text messages from the F.B.I. handlers demonstrating the F.B.I. asked Dan to destroy his text messages and to lie to Pete Musico (founding member of Wolverine Watchmen) and accuse an innocent individual as being undercover federal agent spying on Mr. Musico. The text message is between S.A. Impola and Dan. This again is a pdf as Counsel does not have the native data. Counsel continues to believe these text messages between F.B.I. agents and Dan was inadvertently disclosed as the government continues to oppose disclosure of these communications. The red "REDACTED" located on the text messages was applied by Counsel and blocks Dan's full name and phone number that are contained on the unredacted text. All defense counsel in this case have had Dan's personal information for many months. The text message reads as follows:



00112007



**Exhibit 1**

The text thread states that Joe (Morrison) and Pete (Musico)[1] talked to Paul (Bellar) and believed that Paul Bellar and Dan were federal agents. S.A. Impola's response is two-fold:

First - "Shit. You gonna be ok? How did this shit happen. **Be sure to delete these**."

---

[1] Joe Morrison, Pete Musico and Paul Bellar are original members of the Wolverine Watchmen and charged in Michigan State Court with multiple related felonies including providing material support to a terrorist organization and felony firearm.

Second - "Copy.  Best thing to do is deny and **accuse somebody else like Trent**."

First, S.A. Impola is advising Dan to delete the information on his phone.  This is another reason Defendant needs the information from the F.B.I. handlers' phones, as the information might have been deleted from Dan's phone on instruction from the F.B.I.

Second, S.A. Impola is telling his F.B.I. paid informant to lie and implicate someone else as a federal agent and the F.B.I. delivers the patsy, Trent.  Dan dutifully responds "Yes sir..".

"Trent" is known to Counsel as a real human being.  Trent was on the outskirts of the Wolverine Watchmen and not charged in Federal or State Court.  The F.B.I. is telling it's paid agent to put a target on Trent's back, specifically directing Dan to tell Pete Musico that "somebody else like Trent" is a federal agent spying on Mr. Musico.  S.A. Impola was asked about this very issue in the state preliminary examination and claimed not to know about it:

Q. And your testimony was that you were not aware of anyone in the Watchman club claiming that Mr. Bellar was in fact an informant or a fed. Do you recall that testimony?

A. I do.

Q. Is that still your testimony today?

A. It is.

Jackson PE Vol. 2 pg 9. **Exhibit 2**

S.A. Impola denied knowledge of this issue, even though he texted Dan to delete his text messages and accuse someone like Trent of being the federal agent.  At the Jackson preliminary exam S.A. Impola was then impeached with an F.B.I. report written by his partner S.A. Chambers indicating complete coverage of this issue.  This is not the

first time S.A. Impola has had trouble telling the truth under oath. S.A. Impola was formally accused of twice committing perjury about a month before this investigation began by a former Assistant United States Attorney.[2] After being confronted with proof that he was aware of this issue he conceded knowledge:

Q. Okay. So one of either you or partner wrote that? And you would agree with me this -– this synopsis reads Musico then video called the CHS multiple times, Musico again posited, I'm -– I'm assuming that positioned the theory that CHS was "Fed" and Paul Bellar was the Fed "informant". You –- and then he also talked about other individuals. So on September 5 of 2020 it's clear from this that members of the Watchman think that Mr. Bellar may be some kind of informant, correct?

A. No, that's not correct.

Q. That's not correct?

A. When you say members of the Watchman, this is an individual conversation with Pete, so it's Pete's opinion.

Q. Who's one of the leaders of the Watchman, correct?

A. Singular, yes.

Jackson PE Vol. 2 pg 14 **Exhibit 3**

At the same Jackson preliminary exam S.A. Impola recalled this story that Pete Musico had told:

A. So he (Pete Musico), he told members of the group that in the past he'd been pulled over for speeding by Michigan State Police and that he had obtained the officers name and then found out where he lives and then he had done surveillance on the officers' house and thrown a Molotov cocktail into the house and then stood out behind the house with his rifle to shoot the officer. And he stated he decided not to shoot the

---

[2] Former Assistant Federal Prosecutor Brian Lennon sent a 10-page letter on February 11, 2020 to Stuart Platt, Assistant Director, Federal Bureau of Investigation outlining the fact that S.A. Impola committed perjury on two separate occasions contrary to 18 U.S.C. sec. 1621. Letter attached as **Exhibit 5.**

officer when he did that.

Jackson PE Vol 1 pg 86 **Exhibit 4**

The F.B.I is instructing a paid F.B.I. informant to lie and paint an innocent citizen as an undercover federal agent to a man they claim is the head of a domestic terrorist organization, who they claim is paranoid about being infiltrated by the feds, who they claim has bragged about tossing a Molotov cocktail into a police officer's house. This behavior, evidenced by the telephonic communication between F.B.I. handler Impola and Dan, casts a dark shadow over the credibility of this investigation and demonstrates the need for immediate disclosure as demanded. Clearly this information is relevant and material to the Defense and should not be left to the Government to decide if this information should be disclosed to the defense.

Counsel has 1154 pages of F.B.I. FD-1023 reports on Dan alone. Those reports begin day one of this investigation in March and go beyond October 7th, 2020 when Defendant was arrested. Dan was on every chat, with every indicted defendant before the Court. Dan was on encrypted chats, social media, text messages… or otherwise with the defendants now charged in state court. To the extent Dan's information was destroyed at the direction of the F.B.I., the Defense needs the F.B.I. handlers' communication with Dan regarding this investigation. The defense need for this material at this point is self-evident, that is for purposes of entrapment defense, credibility of government witnesses, the indicted defendants own statements and evidence of government methods and tactics.

Wherefore, Defendant Brandon Caserta respectfully requests this Honorable Court issue an order requiring the Government to produce the communication between S.A. Impola/S.A. Chambers and Dan regarding this investigation. As well as Dan's communication between himself and anyone else regarding this investigation. Whether

it's an encrypted chat, Facebook direct message, text, photos, videos or other communication involving this investigation.

Counsel asks this Court order discovery be made no later than August 27, 2021.

                                Respectfully Submitted,

                                HILLS LAW OFFICE, P.C.

Dated: August 13, 2021                  _/s/Michael D. Hills_
                                                  Michael D. Hills (P58571)
                                                  Attorney for Defendant

                                                 BUSINESS ADDRESS:
                                               425 South Westnedge Ave.
                                               Kalamazoo, MI 49007
                                               (269) 373-5430
                                               mhills@hillslawoffice.com