UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CASE NO. 1:20-CR-183

HON. ROBERT J. JONKER

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.
KALEB JAMES FRANKS,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.
_____/

## ORDER

Several defendants have filed motions asking this Court to require the government to disclose information it would not normally have to disclose in detail, if at all, at least not this far in advance of trial. In particular, Defendant Harris (joined by Defendants Croft, Fox and Franks) seeks identification of specific co-conspirator statements the government plans to use in its case-in-chief (ECF No. 238), and specification of particular items of exculpatory information (ECF No. 234). Defendant Croft (joined by Defendants Harris and Franks) seeks early identification of trial witnesses and trial exhibits (ECF No. 216). The government has responded to each motion. After reviewing the briefing and all other pertinent matters of record, the Court **DENIES** each of these motions.

The government has well-established, but limited, pre-trial disclosure obligations. These include the obligation to provide specified discovery under Rule 16; the ongoing obligation to produce potentially exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963); and

the obligation to comply with this Court's Order requiring disclosure and marking of trial exhibits by the time of the Final Pretrial Conference. Moreover, even though the government has no formal pre-trial obligation to produce potential co-conspirator statements it may offer, the government says it has done so here (ECF No. 308, at PageID.1829). Identification of witness is not ordinarily required any earlier than Final Pretrial Conference. And prior witness statements are not technically required under the Jenks Act until the completion of direct testimony, though the established practice in this Court is disclosure early enough to facilitate smooth transition from direct to cross examination.

There is no indication the Court sees that the government has failed to live up to any of these obligations in this case, or that the government will be unable or unwilling to comply with the upcoming Final Pretrial Conference deadlines. What these defense motions seek is over and above the normal requirements of law, and the Court does not see good reason to require anything more here.[1]

With respect to *Brady* information (the subject of ECF No. 234), the government is well aware of its obligation—knowledge that has recently been reinforced by The Due Process Protections Act, Rule 5(f) and the Orders of the Court. What the defense seeks is specification of particular items of exculpatory information—what the government fairly characterizes as "pinpoint" information—and the law does not require this. As even the moving defendant acknowledges, the government normally has no obligation to direct the defense to discrete bits of information. ECF No. 235, at PageID.1290 (citing case law). Moreover, the moving defendant is not alleging any bad faith by the government. *Id.*, at PageID.1292. None of the potential

---

[1] Magistrate Judge Berens is handling separate defense motions aimed at obtaining disclosure of information regarding confidential human sources. The Court is taking no position here on those issues

circumstances identified by the Sixth Circuit in *United States v. Warshak*, 631 F.3d 266, 297-98 (2010), are present on this record.  To be sure, there is voluminous discovery, but the defense remains in the best position to sort though that and find what it considers exculpatory in light of whatever theory of defense is ultimately advanced at trial.

Voluminous discovery does not require the government to pinpoint particular co-conspirator statements that it may use at trial either.  Nothing in the moving defendant's brief, ECF No. 239, identifies any authority that directly supports its request for this.  To be sure, the Court will have to make *Enright* findings, or otherwise address the admissibility of any such statements ultimately offered in the government's case-in-chief.  And particularly in some situations, it can be helpful to all parties and the Court to address in advance specific items likely to generate controversy.[2]  On occasion, the Court has even implemented special procedures for this, but only on the eve of trial and in the face of demonstrated need.  *See, e.g., United States v. Braxton*, Case No. 1:18-cr-250, Order, ECF No. 513, at PageID.1967-68.  Perhaps that will be needed here after the Final Pretrial Conference, but the Court does not presently expect particularly difficult *Enright* issues based on what is already in the public record of the case.

Finally, the Court sees no need for disclosure of proposed trial exhibits and witness lists any earlier than Final Pretrial conference.  The case continues to develop and evolve on both sides, and it is not practical for either side to specify trial proofs much before Final Pretrial in any event.  Moreover, with respect to witnesses, there is also an added concern in every case to ensure that public identification does not create an unnecessary risk of safety or tampering.  In a case that has already drawn significant publicity and that, by its nature, involves allegations of violence and

---

[2] To the extent the defense believes there may be a basis for suppression of a particular statement, Rule 12(b)(4)(B) provides a vehicle.  The burden of specification is on the defense, not the government, however, and the Court does not see a basis to shift that burden here.

threats of violence, those concerns are inevitably amplified. Early identification of witnesses would create risks that can and should be avoided in this case.

Accordingly, the Court **DENIES** the defense Motions in ECF Nos. 216, 234 and 238.

Dated:     August 27, 2021               /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      CHIEF UNITED STATES DISTRICT JUDGE