UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
                Plaintiff,        Case No. 1:20-cr-00183-RJJ

                                        Hon. Robert J. Jonker

v.

**ADAM DEAN FOX,**
**BARRY CROFT,**
**DANIEL HARRIS,**
**BRANDON CASERTA,** and
**KALEB FRANKS**
                Defendants.
_____/

## UNOPPOSED JOINT MOTION FOR SUBPOENA *DUCES TECUM* DIRECTED TO TWITTER

Adam Fox, Barry Croft, Daniel Harris, Brandon Caserta, and Kaleb Franks, by their counsel, move this Court to authorize a subpoena *duces tecum* returnable to the Court in advance of trial for the reasons more fully outlined in the attached brief.

Defendants are seeking records relating to a Twitter account which has been connected to Special Agent Chambers and which are more specifically outlined below.

1

## STATEMENT OF FACTS

On August 26, 2021, BuzzFeed News published an article linking Special Agent Jayson Chambers to a private intelligence outfit called Exeintel, LLC. Ken Bensinger, *A Right-Wing Troll Appears To Have Tweeted About An FBI Investigation Into The Michigan Kidnapping Plot Before It Went Public,* BuzzFeed News, August 26, 2021. BuzzFeed explained that Special Agent Jayson Chambers is an owner of of a New Mexico Limited Liability Company called Exeintel, LLC.

BuzzFeed further reported that a Twitter account @ravagiing described itself as the "CEO" of Exeintel LLC. Open-source databases indicate that the address which Mr. Chambers registered with the New Mexico Secretary of State is a UPS Store in Clarkston, Michigan which appears to be the most geographically convenient UPS store location to the agent at the time when the document was filed with the New Mexico Secretary of State[1].

BuzzFeed reported that the @ravagiing account tweeted hints about the investigation into the defendants in this case. In December 2019, before the investigation ostensibly started, @ravagiing tweeted:

> ⛧𝓢𝓴𝓪𝓲⛧ @Ravagiing · Dec 8, 2019
> Michigan - I got my eyes on you …
>
> Remember this tweet.
>
> 💬 12   🔁 16   ♡ 67   ⬆

---

[1] https://www.documentcloud.org/documents/21049166-exeintel-articles-of-organization

2

Approximately two weeks after the alleged surveillance of the Governor's lake home, the account tweeted:



On October 7, the day of the arrests of the defendants, the account tweeted:



The day after the highly publicized arrest of the defendants in this case, the account tweeted:



All signs point to Chambers being the owner of Exeintel and the @ravagiing Twitter account. These issues were flagged for the government and the Court in a joint defense filing on August 27, 2021. Joint Supplement, ECF No. 315, PageID.1864-1873. The joint supplement raises the question about whether Mr. Chambers was using his role in the investigation to benefit his company financially. *Id.* at PageID.1870. Counsel for the defendants sent a joint *Brady* demand to the government on August 27th relating to these developments which has not yet been answered.

On the evening of August 29, 2021, counsel became aware that the @ravagiing account changed its description from being the CEO of Exeintel to being the "co-founder" of "IntelRedTeam":





At the same time as the elimination of the Exeintel reference from the Twitter header, it appears that the account has deleted the tweets relating to the Michigan investigation.

Based on a review of open-source databases, it also appears that between August 22 and August 24, 2021, the person in control of the Exeintel.com domain name made changes to the Domain Name Service records. Prior to this change, the DNS service was provided by a common US-based provider, CloudFlare. After the change, the DNS records point to a Swiss-based provider. Counsel knows from experience that Swiss privacy laws are more difficult to overcome than United States laws and that people attempting to avoid detection will often engage Swiss-

5

based internet hosting providers. This switch to a Swiss-based host appears to be yet another attempt to cover the tracks of the person in control of Exeintel.

Defendants are seeking a subpoena *duces tecum* directed to Twitter ordering that it produce the account ownership and registration information, contact information for the owner of the account including contact information, IP address history relating to account creation and logins, and direct messaging history for the account @ravagiing.

## LAW AND ARGUMENT

Fed. R. Crim. P. 17(c) permits the Court, in its discretion, to issue document subpoenas before trial. The rule further permits the Court to allow the parties to inspect the documents upon their production to the Court before trial. *See* Fed. R. Crim. P. 17(c)(1).

In leaving the district courts with great discretion, the Sixth Circuit has noted that "Rule 17(c) is capacious enough to accommodate differing levels of oversight that district courts deem desirable to impose. It commits the task of supervising subpoenas to the sound discretion of those courts, which can determine the appropriate mechanisms for exercising oversight as they see fit—by standing order, local rule, or no rule at all." *United States v. Llanez-Garcia,* 735 F.3d 483, 500 (6th Cir. 2013).

In *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Court explained that four factors must be assessed when issuing a Rule 17(c) subpoena: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot

6

properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition. *Id.* at 699, 94 S.Ct. at 3103. Accordingly, a defendant seeking a subpoena under the rule "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id. at* 700.

This request satisfies each of the *Nixon* factors. First, documents showing that a government agent is in control of a Twitter account which was tweeting confidential details about the investigation would show that the agent was violating FBI rules and show that the agent had a financial interest in the outcome of the investigation. Both of these facts are relevant at trial. These facts appear to have been fairly clearly established by the public reporting referenced above, however, the requested documents from Twitter are necessary to prove up those facts in accordance with the Rules of Evidence.

Second, the records are not otherwise procurable because the government has refused to produce them. Counsel sent a request to the government on August 27, 2021 requesting production pursuant to *Brady* and *Giglio* which has gone unanswered. Additionally, the account ownership records and login information sought, unlike public Tweets, are not publicly available and thus require process from the Court to obtain.

Third, counsel cannot prepare for trial without the documents because while SA Chambers' ownership interest in Exeintel, LLC and control appears to be clear from the public reporting, the activity he engaged in is somewhat murkier and it is

7

not possible to prove up his manipulation of the Twitter account without authenticated login and registration information. Additionally, if counsel waits and issues a trial subpoena, it is likely that counsel will learn that additional witnesses are necessary to prove up SA Chambers' ownership or control of the IP addresses used to access the account which would result in the need to seek a mid-trial continuance for the production of additional witnesses.

Lastly, based on the facts proffered above, this is clearly more than a fishing expedition and is made in good faith. The BuzzFeed reporting fairly establishes that Mr. Chambers is an owner of Exeintel, LLC and that the @ravagiing Twitter account which claimed to be run by the "CEO" of Exeintel had confidential information relating to the investigation and prosecution of the defendants in this case. Counsel submits that this is sufficiently specific to warrant a subpoena to Twitter to produce the account information for the @ravagiing account.

**WHEREFORE**, pursuant to Fed. R. Crim. P. 17(c), the defendants respectfully request the Court issue a subpoena returnable to the Court in the form attached as Exhibit A and direct that the United States Marshal serve the subpoena on Twitter, Inc.

Respectfully submitted,

Dated: August 30, 2021

/s/ Joshua A. Blanchard
Joshua A. Blanchard
BLANCHARD LAW
Attorney for Defendant Croft
309 S. Lafayette St., Ste. 208

                                          Greenville, MI 48838
                                          616-773-2945
                                          josh@blanchard.law

Dated: August 30, 2021          /s/ Christopher Gibbons
                                          Christopher Gibbons
                                          Attorney for Defendant Fox

Dated: August 30, 2021          /s/ Julia Kelly
                                          Julia Kelly
                                          Attorney for Defendant Harris

Dated: August 30, 2021          /s/ Michael Hills
                                          Michael Hills
                                          Attorney for Defendant Caserta

Dated: August 30, 2021          /s/ Scott Graham
                                          Scott Graham
                                          Attorney for Defendant Franks