UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM DEAN FOX, et al.,

    Defendants.
_____/

Case No. 1:20-CR-183

HON. ROBERT J. JONKER

**<u>ORDER</u>**

The government alleges that Defendant Caserta joined a kidnapping conspiracy, and that one overt action in furtherance of the conspiracy was his posting an encrypted video that urged his co-conspirators to give any law enforcement officers they encounter during a reconnaissance one chance to leave, "else they're going to die. Period. That's what it's going to be, dude, because they are the fucking enemy, period." Superseding Indictment, ECF No. 172, at PageID.966; Caserta Brief, ECF No. 242, at PageID.1310 (quoting video transcript).[1]  The posting was on

---

[1] The parties agree that the entire video transcript reads:

> And I'm telling you what, right now, man. I'm going to make this shit 100% clear, dude. If this shit goes down, okay? If this whole thing, you know, starts to happen, I'm telling you what, dude, I'm taken out as many of those motherfuckers as I can. Every single one, dude, every single one. And if you guys are going to give any of these motherfuckers a chance, any of these gang fucking criminal ass government thugs that rob people every day, if you're even going to give them a second to try to speak or tell their story, don't even fuck with me, dude. Don't even fuck with me.
>
> I have zero patience for immoral coward criminals. Okay? And guess what? I'm sick of being robbed and enslaved by the state, period. I'm sick of it. And these are the guys who are actually doing it. You know? So if if, you know, if if we're doing a recon or something and we come up on some of them, dude, you better not give them a chance. You either tell them to go right now, or else they're going to die. Period. That's what it's going to be, dude, because they are the fucking enemy, period.

Caserta Brief, ECF No. 242, at PageID.1310; Government Response, ECF No. 309, at PageID.1834.

October 7, 2020, after the government says other alleged co-conspirators conducted actual reconnaissance missions on the Governor's vacation home.  Superseding Indictment, ECF No. 172, at PageID.964-965.  Defendant Caserta says that the video had nothing to do with any alleged kidnapping and was simply his angry rant about law enforcement ticketing him for another traffic infraction the day before he posted. He moves to exclude evidence of the October 7 video as irrelevant, and unfairly prejudicial in any event.  ECF Nos. 241, 242.  Two co-defendants join the motion.  ECF Nos. 252, 253.  The government opposes the motion.  ECF No. 309.

Rule 402 creates a general rule of admissibility for relevant evidence.  Evidence is relevant under Rule 401 if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the evidence."  The video at issue here is one of the alleged overt acts of the charged conspiracy, and so directly intertwined as *res gestae* with the alleged wrongs in the case.  Sometimes, even alleged wrongs outside the scope of the charged wrongdoing may be relevant and admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Relevant evidence of any type must still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  In the case of evidence relevant only under Rule 404(b), "whether any risk of unfair prejudice substantially outweighs the evidence's probative value" is one of three key considerations the Court must weigh.  *United States v. Barnes*, 822, F.3d 914, 920 (6th Cir. 2016).  However, Rule 404(b) "is a rule of inclusion rather than exclusion . . . ."  *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985).

2

The October 7 video easily clears the threshold of relevance, whether as part of the alleged kidnapping conspiracy itself, or under Rule 404(b) to show intent, plan, preparation and motive. The Superseding Indictment identifies the posting of this video as one overt act in furtherance of the alleged kidnapping conspiracy, which makes it directly relevant to the charged wrongdoing in the case. An overt act in furtherance of the conspiracy is one of the elements of the crime charged. Moreover, even under Rule 404(b), the video would be probative of Defendant Caserta's motive for and intention to join the conspiracy, as well as his planning and preparation to bring about the object of the conspiracy. The video consists of Defendant Caserta's own words, which evince his motivation and intent and appear to be consistent with earlier things Caserta said along the same lines. Government Response, ECF No. 309, at PageID.1834-1837. The statements are also probative of planning and preparation for the alleged conspiracy, again particularly when considering similar statements defendant made regarding tactics he endorsed. *Id.*[2]

Defendant argues that the video—even if relevant—must still be excluded under Rule 403 because it would confuse the jury with a diversion into Defendant Caserta's interactions with law enforcement officers issuing him traffic tickets. Caserta Brief, ECF No. 242, at PageID.1313. The defense may certainly argue the video is nothing more than blowing off steam about a new traffic ticket, but that goes to the weight of the evidence, not its admissibility. Any potential confusion can readily be managed with jury instructions.

Defendant also suggests the video should be excluded because the negative statements about officers may offend jurors and unfairly tilt them against Defendant. *Id.* The statements are

---

[2] The Grand Jury charges that the video was posted as part of an encrypted chat for alleged co-conspirators. Defendant's original motion papers asserted that the video post was on Facebook, but a supplemental submission indicates the defense cannot actually be sure about this. Defense Supplement, ECF No. 261. Regardless of how the video was posted, no one contests that it was Defendant Caserta who did so, and that the video records his statements. The method of posting may affect the weight of the evidence, but not its overall relevance to disputed issues in the case.

3

graphic, vulgar and negative, to be sure. But that does not make them unfairly prejudicial. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)). Courts routinely allow videos with vulgar language and threats. *See United States v. Sims*, No. 19-20833, __ F.4th __, 2021 WL 3732266, at *4 (5th Cir. Aug. 24, 2021) (noting that courts generally find that "explicit rap videos are probative and outweigh substantial prejudice when the defendant performs the song, describes events closely related to the crime charged, and the evidence is not cumulative."). The video in this case, while offensive, does not "so shock[] the conscience" that will lead to the jury convicting the Defendants based on an improper purpose. *United States v. Asher*, 910 F.3d 854, 861-62 (6th Cir. 2018).

Accordingly, the motion to exclude the October 7 Caserta video is DENIED.[3]

**IT IS SO ORDERED**.

Dated: September 14, 2021               /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The case for exclusion is even weaker if entrapment becomes an issue for the jury. Entrapment requires proof of both "(1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in criminal activity." *United States v. Al-Cholan*, 610 F.3d 945, 950 (6th Cir. 2010). The video is strongly probative on the predisposition issue. The Court does not rely on this in denying the present motion because it is not yet clear whether entrapment will be part of the case. In arguing discovery motions, the defense has suggested it might be. *See, e.g.*, Caserta Discovery Brief, ECF No. 226, at PageID.1241 (supporting motion joined by Defendants Fox (ECF No. 251) and Harris (ECF No. 253)); Franks CHS Brief, ECF No. 248-1, at PageID.1352 (supporting motion joined by Defendants Croft (ECF No. 250), Fox (ECF No. 251), and Harris (ECF No. 253)). But whether the case presents a jury issue of entrapment will be up to the Court after consideration of the anticipated and actual trial proofs. *See United States v. Khalil,* 279 F.3d 358, 364 (6th Cir. 2002) ("To be entitled to an entrapment instruction, the defendant must come forward with evidence to support both elements of the defense."); *see also United States v. Sadiqullah*, No. 20-6194, 2021 WL 3043271, at *6 (6th Cir. Jul. 20, 2021) (holding that the trial court did not abuse its discretion in denying the defendant's request for the entrapment jury instruction because the defendant failed to present "sufficient evidence" of entrapment); *United States v. Sutton*, 769 F. App'x 289, 297-98 (6th Cir. 2019) (same).