UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.

_____/

No. 1:20-cr-183

Hon. Robert J. Jonker
Chief U.S. District Judge

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The government respectfully submits the following set of proposed jury instructions. All of the available instructions are taken from the Sixth Circuit Pattern Jury Instructions (Criminal) (October 1, 2021). The government respectfully requests the opportunity to submit additional or altered instructions prior to the instruction of the jury, if necessary.

The government submitted this proposal to counsel for Defendants. Counsel for Croft and Harris are in agreement, with the exception of the definition of "destructive device," which they will address separately. Counsel for Fox agreed with most of the proposed instructions but will file a separate pleading with language relating to several specific disagreements. Counsel for Caserta has not provided a response.

Counsel for the government, Croft, Harris, and Fox do not agree that each of the instructions will apply, but do agree to the language of the instructions (unless otherwise noted), if needed.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: February 17, 2022

/s/ *Jonathan Roth*
JONATHAN ROTH
NILS R. KESSLER
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404

| **Pattern Inst. No.** | **Description** |
|---|---|
| 1.01 | Introduction |
| 1.02 | Jurors' Duties |
| 1.03 | Presumption of Innocence, Burden of Proof and Reasonable Doubt |
| 1.04 | Evidence Defined |
| 1.05 | Consideration of Evidence |
| 1.06 | Direct and Circumstantial Evidence |
| 1.07 | Credibility of Witnesses |
| 1.08 | Number of Witnesses |
| 1.09 | Lawyers' Objections |
| | |
| 2.01 | Introduction |
| 2.01D | Separate Consideration – Multiple Defendants Charged with Different Crimes |

**Count 1**

| 3.01A | Conspiracy to Commit Kidnapping |
|---|---|

**Count 2**

| 3.01A | Conspiracy to Commit Use of a Weapon of Mass Destruction |
|---|---|

**Conspiracy Instructions**

| 3.02 | Agreement |
|---|---|
| 3.03 | Defendant's Connection to the Conspiracy |
| 3.04 | Overt Acts |
| 3.06 | Unindicted, Unnamed or Separately Tried Co-Conspirators |
| 3.07 | Venue |

**Count 3**

| 2.02 | Definition of the Crime |
|---|---|
| 4.01 | Aiding and Abetting |

**Count 4**

| 2.02 | Definition of the Crime |
|---|---|
| 2.10 | Actual and Constructive Possession |
| 2.11 | Joint Possession |

**Defenses**

| 6.03 | Entrapment |
|---|---|

**Other Instructions**

| 2.04 | On or About |
|---|---|
| 2.08 | Inferring Required Mental State |

| 7.01 | Introduction |
| 7.02A | Defendant's Election Not to Testify |
| 7.02B | Defendant's Testimony |
| 7.03 | Opinion Testimony |
| 7.03A | Witness Testifying to Both Facts and Opinions |
| 7.04 | Impeachment by Prior Inconsistent Statement Not Under Oath |
| 7.05B | Impeachment of a Witness Other than Defendant by Prior Conviction |
| 7.06A | Testimony of a Paid Informant |
| 7.07 | Testimony of a Witness Under Grant of Immunity or Reduced Criminal Liability |
| 7.08 | Testimony of an Accomplice |
| 7.12A | Secondary-Evidence Summaries Admitted in Evidence |
| 7.13 | Other Acts of Defendant |
| 7.14 | Flight, Concealment of Evidence, False Exculpatory Statements |
| 7.17 | Transcription of Recordings |
| 7.20 | Statement by Defendant |
| 7.21 | Stipulations |
| | |
| 8.01 | Introduction |
| 8.02 | Experiments, Research, Investigation and Outside Communications |
| 8.03 | Unanimous Verdict |
| 8.04 | Duty to Deliberate |
| 8.05 | Punishment |
| 8.06 | Verdict Form |
| 8.08 | Verdict Limited to Charges Against This Defendant |
| 8.09 | Court Has No Opinion |
| 8.10 | Juror Notes |

## 1.01 INTRODUCTION

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6) Please listen very carefully to everything I say.

## 1.02 JURORS' DUTIES

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## 1.03 PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1) As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## 1.04 EVIDENCE DEFINED

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

**1.05 CONSIDERATION OF EVIDENCE**

(1) You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3) The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**1.06 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**1.07 CREDIBILITY OF WITNESSES**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**1.08 NUMBER OF WITNESSES**

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## 1.09 LAWYERS' OBJECTIONS

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## 2.01 INTRODUCTION

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment (and the lesser charges that I will explain to you). Your job is limited to deciding whether the government has proved the crime charged (or one of those lesser charges).

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## 2.01D SEPARATE CONSIDERATION–MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT CRIMES

(1) The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2) The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## COUNT 1 – KIDNAPPING CONSPIRACY (18 U.S.C. § 1201(c))

## 3.01A CONSPIRACY TO COMMIT AN OFFENSE – BASIC ELEMENTS

(1) Count 1 of the indictment accuses the defendants of a conspiracy to commit the crime of kidnapping in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of kidnapping.

> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

> (C) And third, that a member of the conspiracy did one of the overt acts described in the superseding indictment for the purpose of advancing or helping the conspiracy.

(3) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

(4) As used in this instruction, the crime of kidnapping is defined as the intentional seizing, confining, abducting, or carrying away of a person, using an unlawful physical or mental restraint for an appreciable period against the person's will and with a willful intent to confine the person; where the kidnapped person is transported in interstate commerce, or the offender traveled in interstate commerce, or used a means, facility, or instrumentality of interstate commerce in committing or in furtherance of the charged offense; and the kidnapping is done for ransom, reward, or otherwise.

## COUNT 2 – CONSPIRACY TO USE A WEAPON OF MASS DESTRUCTION (18 U.S.C. § 2332a(a)(2)(A))

### 3.01A CONSPIRACY TO COMMIT AN OFFENSE – BASIC ELEMENTS

(1) Count 2 of the indictment accuses Adam Fox, Barry Croft, and Daniel Harris of a conspiracy to commit the crime of use of a weapon of mass destruction in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A) First, that two or more persons conspired, or agreed, to commit the crime of use of a weapon of mass destruction.

> (B) Second, that the defendant knowingly and voluntarily joined the conspiracy.

> (C) And third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(3) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

(4) As used in this instruction, the crime of using a weapon of mass destruction is defined as the intentional use, without lawful authority, of an explosive or incendiary bomb, explosive or incendiary grenade, or similar explosive or incendiary device that was designed or redesigned for use as a weapon, against any person or property within the United States, using the mail or any facility of interstate commerce in furtherance of the offense.

**3.02 AGREEMENT**

(1) With regard to the first element of each conspiracy charge – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the charged crime.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the charged crime. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## 3.03 DEFENDANT'S CONNECTION TO THE CONSPIRACY

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

19

## 3.04 OVERT ACTS (18 U.S.C. § 371)

(1) The third element of each conspiracy that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But, for each charged conspiracy, the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

**3.06    UNINDICTED,    UNNAMED    OR    SEPARATELY    TRIED    CO-CONSPIRATORS**

(1) Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

**3.07 VENUE**

(1) Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Western District of Michigan. But for you to return a guilty verdict on a conspiracy charge, the government must convince you that either the agreement, or one of the overt acts took place here in the Western District of Michigan.

(2) Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

(3) Remember that all the other elements I have described must be proved beyond a reasonable doubt.

## COUNT 3 – POSSESSION OF AN UNREGISTERED DESTRUCTIVE DEVICE

## 2.02 DEFINITION OF THE CRIME

(1) Count 3 of the indictment accuses Barry Croft and Daniel Harris of possessing an unregistered destructive device in violation of federal law. For you to find the defendants guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendants knowingly possessed a destructive device, which includes an explosive or incendiary bomb, explosive or incendiary grenade, or similar explosive or incendiary device that was designed or redesigned for use as a weapon;

> (B) Second, the defendants knew the object was a destructive device;

> (C) Third, the destructive device was not registered to the defendants in the National Firearms Registration and Transfer Record.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## 4.01 AIDING AND ABETTING

(1) For you to find Barry Croft or Daniel Harris guilty of Count 3 it is not necessary for you to find that he personally committed the crime. You may also find either defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

(2) But for you to find Barry Croft or Daniel Harris guilty of Count 3 as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, that the crime of Possession of an Unregistered Destructive Device was committed.

(B) Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help commit or encourage the crime.

(3) Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Count 3 as an aider and abettor.

**COUNT 4 – POSSESSION OF A SHORT-BARRELED RIFLE**

**2.02 DEFINITION OF THE CRIME**

(1) Count 4 of the indictment accuses Daniel Harris of possessing a short-barreled rifle in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A) First, that the defendant knowingly possessed a short-barreled rifle, which is a rifle having a barrel or barrels of less than 16 inches in length;

> (B) Second, the defendants knew the barrel was less than 16 inches in length;

> (C) Third, the short-barreled rifle was not registered to the defendant in the National Firearms Registration and Transfer Record.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## 2.10 ACTUAL AND CONSTRUCTIVE POSSESSION

(1) Next, I want to explain something about possession. In Count 3 and 4, the government does not necessarily have to prove that the defendants physically possessed the destructive device or rifle for you to find them guilty of these crimes. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the object and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the object and knew that he had this right, and that he intended to exercise physical control over the object at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the object and knew that he did, for you to find him guilty. This, of course, is all for you to decide.

## 2.11 JOINT POSSESSION

(1) One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the object. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

(2) But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the object and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

## 6.03 ENTRAPMENT

(1) One of the questions in this case is whether the defendant was entrapped.

(2) Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

(3) If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

(4) It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informant or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

(5) The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

(A) Ask yourself what the evidence shows about the defendant's character and reputation.

(B) Ask yourself if the idea for committing the crime originated with or came from the government.

(C) Ask yourself if the defendant took part in the crime for profit.

(D) Ask yourself if the defendant took part in any similar criminal activity with anyone else before or afterwards.

(E) Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

(F) And ask yourself what kind of persuasion and how much persuasion the government used.

(6) Consider all the evidence, and decide if the government has proved that the

defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

**2.04 ON OR ABOUT**

(1) Next, I want to say a word about the date mentioned in the indictment.

(2) The indictment charges that the crimes happened "on or about" a range of dates. The government does not have to prove that the crimes happened with that exact date range. But the government must prove that the crime happened reasonably close to that range of dates.

## 2.08 INFERRING REQUIRED MENTAL STATE

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**7.01 INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**7.02A DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1) A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

**7.02B DEFENDANT'S TESTIMONY**

(1) You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

**7.03 OPINION TESTIMONY**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## 7.03A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## 7.04 IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH

(1) You have heard the testimony of _____. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

## 7.05  B IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION

(1)      You have heard the testimony of   . You have also heard that before this trial he was convicted of a crime.

(2)      This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

**7.06A TESTIMONY OF A PAID INFORMANT**

(1) You have heard the testimony of witnesses who received money from the government in exchange for providing information or assistance.

(2) The use of paid informants is common and permissible. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the government gave him.

(3) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## 7.07  TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY

(1)     You have heard the testimony of   . You have also heard that the government has promised him that [he will not be prosecuted for     ]    [ he will  ] in exchange for his cooperation.

(2)     It is permissible for the government to make such a promise. But you should consider

       's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3)     Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## 7.08 TESTIMONY OF AN ACCOMPLICE

(1) You have heard the testimony of Kaleb Franks and Ty Garbin. You have also heard that they were involved in the same crimes that the defendants are charged with committing. You should consider their testimony with more caution than the testimony of other witnesses.

(2) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

(3) The fact that Kaleb Franks and Ty Garbin have pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against the defendants in any way.

**7.12A SECONDARY- EVIDENCE SUMMARIES ADMITTED IN EVIDENCE**

(1) During the trial you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**7.13 OTHER ACTS OF DEFENDANT**

(1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for _____, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## 7.14  FLIGHT, CONCEALMENT OF EVIDENCE, FALSE EXCULPATORY STATEMENTS

(1) You have heard testimony that after the crime was supposed to have been committed, the Barry Croft made false exculpatory statements to investigators.

(2) If you believe that he did so, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may make false exculpatory statements for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

## 7.17 TRANSCRIPTIONS OF RECORDINGS

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2) Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

**7.20 STATEMENT BY DEFENDANT**

(1) You have heard evidence that the defendant, _____ , made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2) You may not convict the defendant solely upon his own uncorroborated statement or admission.

## 7.21 STIPULATIONS

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved: [insert facts stipulated].

## 8.01 INTRODUCTION

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5) One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## 8.02   EXPERIMENTS,   RESEARCH,   INVESTIGATION   AND   OUTSIDE COMMUNICATIONS

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**8.03 UNANIMOUS VERDICT**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2) To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## 8.04 DUTY TO DELIBERATE

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**8.05 PUNISHMENT**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## 8.06 VERDICT FORM

(1) I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**8.08 VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1) Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

(2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**8.09 COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**8.10 JUROR NOTES**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.