UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                       CASE No. 1:20-CR-183

v.

                                       HON. ROBERT J. JONKER

ADAM DEAN FOX, et al.,

        Defendants.

_____/

## ORDER OF PROOFS REGARDING POTENTIAL ENTRAPMENT DEFENSE

Before the final pretrial conference ("FPTC"), all four defendants headed to trial (Fox, Croft, Harris and Caserta) had indicted an intention to assert entrapment as part of the defense. At FPTC, only one of the defendants (Fox) articulated an unequivocal intention to proceed with entrapment. The other three defendants (Croft, Harris and Caserta) did not rule out an entrapment defense, but they were not prepared to state definitively their intention to do so. This raised the practical question of how and when to open the door to evidence from the parties on entrapment issues, and when to give the parties the opportunity to introduce the issue to the jury.

During the FPTC, the Court indicated its intention not to open the door to any entrapment issues or evidence during initial opening statements or the government's case-in-chief if fewer than all defendants signaled an intention to put the defense at issue. Any defendant wishing to raise the issue would then do so for the first time during that defendant's case-in-chief. And that, in turn, would open the door for government proofs on both inducement and predisposition during the defense case, and obviously in rebuttal. This ordering of proofs would likely mean at least

some witnesses testifying during the government's case-in-chief would need to be recalled during the defense case. But the Court's view during the FPTC was that this would be preferable to introducing entrapment on different timelines for different defendants, and possibly not at all for some defendants.

The Court invited the parties to provide additional observations, objections or proposals on this not later than February 25, 2022. No party provided any supplemental briefing on these issues. The Court has continued to reflect on this, too, and now issues this Order specifying the process for addressing entrapment defenses that one or more defendants may choose to assert so all parties can plan their presentations and witness exams accordingly.

First, no party may address entrapment before the government completes its case-in-chief. This means that initial opening statements and evidence during the government's case-in-chief—on both direct and cross—must address and be relevant to issues other than entrapment.

Second, any defendant who intends to put entrapment at issue must declare that intention not later than the beginning of the defense cases-in-chief. The Court will treat a failure to do so as a waiver or forfeiture of that defendant's ability to rely on an entrapment defense.

Third, all parties will be permitted to elicit evidence from any witness during the case-in-chief of any defendant who puts entrapment at issue. This means the government will be able to address both inducement and pre-disposition on cross examination of defense witnesses. Of course, the government will also have the opportunity in rebuttal to address both inducement and predisposition for any defendant who puts entrapment at issue.

Fourth, to facilitate the jury's understanding of the issue, the Court anticipates providing a high level overview of the entrapment defense before the beginning of the defense cases-in-chief, assuming at least one defendant decides to proceed with the defense. The overview will identify

the two elements of the defense, and the obligation of the government to establish beyond a reasonable doubt either the absence of government inducement, the presence of a defendant's pre-disposition or both.

Fifth, the Court will also permit any defendant asserting the entrapment defense to provide a supplemental opening statement to the jury of not more than 7 minutes addressing anticipated entrapment proofs. The Court will also allow the government to provide a supplemental opening statement to the jury addressing anticipated entrapment proofs. The government's supplemental opening statement will follow completion of the last defense supplemental opening and be limited to 7 minutes if only one defendant asserts the defense; to 12 minutes if two defendants assert the defense; to 17 minutes if three defendants assert the defense; and to 22 minutes if all four defendants assert the defense.

**IT IS SO ORDERED.**


Dated:     February 28, 2022            /s/ Robert J. Jonker
                                                                            ROBERT J. JONKER
                                                                            CHIEF UNITED STATES DISTRICT JUDGE