IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff, No: 1:20cr183-1/2/5/6

vs.

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS and
BRANDON MICHAEL-RAY CASERTA,

Defendants.

Before:

THE HONORABLE ROBERT J. JONKER
U.S. DISTRICT Judge
Grand Rapids, Michigan
Monday, April 4, 2022
Excerpt of Jury Trial Proceedings
Jury Question

APPEARANCES:

MR. ANDREW BIRGE, U.S. ATTORNEY
By: MR. NILS R. KESSLER
MR. JONATHAN C. ROTH
The Law Building
333 Ionia Avenue, NW
Grand Rapids, MI 49501-0208
(616) 456-2404

On behalf of the Plaintiff;

MR. CHRISTOPHER M. GIBBONS
MS. KAREN M. BOER
Dunn Gibbons PLC
125 Ottawa Avenue, NW, Suite 230
Grand Rapids, MI 49503-2865
(616) 336-0003

On behalf of Defendant Fox.

JOSHUA ADAM BLANCHARD
Blanchard Law
309 South Lafayette Street, Suite 208
P.O. 938
Greenville, MI 48838-1991

On behalf of Defendant Croft, Jr.

JULIA ANNE KELLY
Willey & Chamberlain LLP
300 Ottawa Avenue NW Suite 810
Grand Rapids, MI 49503-2314
(616) 458-2212

On behalf of Defendant Harris.

MICHAEL DARRAGH HILLS
Hills at Law PC
425 South Westnedge Avenue
Kalamazoo, MI 49007-5051
(269) 373-5430

On behalf of Defendant Caserta.

REPORTED BY: MR. PAUL G. BRANDELL, CSR-4552, RPR, CRR

**********************************************************

THE COURT: Court is in session. All right. Welcome back everyone. We are here in the case of the United States against Adam Fox and others. The jury has sent a question a little while ago that I think I need to talk to the lawyers about. I'll ask that James circulate it. It is signed by the foreperson. It's a simple question. It says, can we get a legal description of a, quote, weapon, end quote? And this builds on the earlier request a little while I guess ago I expect for a dictionary, which I simply referred them to our general instruction that they not use outside sources, including dictionaries. So I will give you a chance to see that.

I don't know if you have any immediate reactions or thoughts. The issue comes up probably twice in the instructions in the definition of a weapon of mass destruction and in the definition of a destructive device. And there isn't, to my knowledge anyway, a generic federal definition of the term. There is certainly a Black's Law Dictionary general idea that it's any instrument that could be designed or used to injure or kill or destroy. Certainly if we are looking at state law, deadly weapon can typically be anything as long as it's a potential for use in a way to seriously physically injure or kill is at issue. That's from a model criminal instruction. But I don't think I've ever had it come up in

this context, and I am interested in what the lawyers think we should say to the jury either by having them come in here and have me speak to them or by having me write them something back. So I'll start with the government, if you have any thoughts, and get anything from the Defense.

MR. KESSLER: The definition that you just gave a moment ago, I believe you are saying that came from Black's Law Dictionary, that sounded reasonable to me.

THE COURT: All right. The Black's Law Dictionary says that an instrument used or designed to be used to injure or kill someone. The part I added was to injure, kill or destroy, because I think that's part of what you see in some of the cases, but any other thoughts one way or the other?

MR. KESSLER: No problem with the destroy. That would also cover I think what is a topic in this case as well, so...

THE COURT: All right. Mr. Gibbons?

MR. GIBBONS: My initial reaction is that the jury is seeking for a definition outside the scope of the jury instruction because the instruction itself defines what a weapon of mass destruction is. So I have that concern, Your Honor. So I am not a proponent at this point of giving them further direction. I think it has its common term, and I think they should apply other common knowledge and apply that in the context of the definition provided in the instruction.

THE COURT: All right. Ms. Kelly, any thoughts?

MS. KELLY: Thank you, Your Honor. I would agree with Mr. Gibbons. I have concerns and would object to the danger, kill or destroy language as proposed by the Court.

THE COURT: All right. Mr. Hills?

MR. HILLS: My client is not on that, but I would -- I believe that the definition is defined as in the jury instructions well enough and I would direct them back to that.

THE COURT: All right. Mr. Blanchard?

MR. BLANCHARD: Thank you. I would object to instructing them beyond what we have. I think we should refer them back to the jury instructions. Weapon of mass destruction is defined and I don't think weapon is at play in 3.01(a) and I think it's sufficiently defined in 2.02, possession of an unregistered destructive device, because really the question there is destructive device. So I would object to instructing them further than the instructions.

THE COURT: The difficulty with simply referring them back to the instructions is that with respect to weapon of mass destruction, one of our definitional statements is it, quote, does not include any device that was not designed or redesigned for use as a weapon, end quote. Naturally that's not really covered by what we do affirmatively define. And similarly, in the destructive device instruction we say a destructive device does not include any device that was not designed or redesigned for use as a weapon. So I think if we just send them back to

the instructions which do define some of those terms we are not really meaningfully addressing their question.

Of course, we don't know what it is, which is why I want to stay pretty generic, but I think the Black's Law Dictionary is pretty generic without really pushing one way or the other. Both sides argued either explicitly or implicitly it seems to me that from the Defense point of view it's just fireworks. The government said, well, it's not just fireworks if you strap pennies around the outside of it. Came up a little less oblique or a little less directly rather on the thing that Red was selling because we don't know specifically what he was selling. We just had the video he used. But I don't know which one if either of those scenarios are what's hanging them up. I think if I tell them go back to the instruction, though, I'm ignoring what is a pretty obvious question based on what I've already given them, so I don't know if that changes anything from your perspective, Mr. Gibbons?

MR. GIBBONS: No, Your Honor.

THE COURT: Ms. Kelly?

MS. KELLY: No, Your Honor.

THE COURT: Mr. Hills?

MR. HILLS: No, Your Honor.

THE COURT: Mr. Blanchard?

MR. BLANCHARD: I'm trying to look at the Black's if I can here. Could I impose on the Court to read me the proposed

Black's one more time?

THE COURT: I've looked at, from Black's 11th Edition, 2019, is simply the term weapon. An instrument used or designed to be used to injure or kill someone. But I would, if I did that, add, use to injure, kill or to destroy. Injure or kill someone or some thing.

MR. BLANCHARD: So I guess if the Court is inclined to go that way, one of my thoughts is that while a weapon of mass destruction and the crime of use of a weapon of mass destruction encompasses damage to personal property, I don't know that that's what's intended by the destruction of -- or the definition of destructive device when it says, used or designed or redesigned as a weapon. I think that might be cabined just to use against a person. Something that could, you know, damage property. I don't know that that by itself makes it a destructive device, and adding onto the end of the Black's definition I think could muddy the waters a bit. So again, I object to any further instruction, but if the Court is going to, I'd ask the Court to confine it to that Black's definition that is to be used to injure or kill someone.

THE COURT: All right. Anything, Mr. Kessler?

MR. KESSLER: No. I have to disagree with that, Your Honor. Clearly this is meant to be -- to encompass being used against property as well, the statute is, and I don't think there is anything prejudicial about that definition. It seems

like the proposition on the other side is just to hope that the jury remains confused and that that's somehow inure to their benefit. I don't think there is any way you can think of that definition that you are proposing as being prejudicial in itself.

THE COURT: All right. What I think I'll do is ask the jury to come back in. I could write that out but I think it's a sensitive enough question judging from the way the parties have reacted that it would be nice to have them in here so that I can actually say that. I don't plan to say a lot, but I do plan to say something along the lines of what I described and adapted from Black's as an instrument used to -- used or designed to be used either to destroy, injure or kill someone or some thing. I do think it's fair to go beyond simply injury or death to another human being because destructive devices, as we've all seen most recently in the Ukraine, destroy property. There is often people inside the property, and so sometimes they go hand and glove together. But I think there is nothing that I know of in the federal statute that would limit liability for possessing an unregistered destructive device or using a weapon of mass destruction only if the intended target was a human being. It certainly, I think, has brought enough to encompass property that the exclusion is for things that aren't intended for use to destroy, injure or kill or maim and are simply things to

blow up for fun as we've heard from testimony in the case. So I think that that's a fair distinction and one I'll try to convey to the jury.

Anything else on this?

MR. KESSLER: No, Your Honor. Thank you.

MR. GIBBONS: No, Your Honor.

MR. HILLS: No, Your Honor.

THE COURT: All right. So let's bring in the jury, and once they -- it'll take them a minute to get situated and then we'll bring in the alternates at the same time so they can hear it.

LAW CLERK: All rise.

(Jury in, 3:08 p.m.)

THE COURT: All right. Please be seated everyone. Welcome back. Good to see you. I know it's been a long day for everybody who is waiting and for all of you who are hard at work. And we have a question. Can we get a legal description of a, quote, weapon, end quote? And this is one of those awkward ways in which we try to respond to the question in a meaningful way but don't exactly know if we are going to do it or not, and you don't have the immediate ability for followup so I'll do the best I can. If it addresses what you are after, great. If it doesn't you can follow up with another question and let me know.

I am thinking, because I can tell you've been very

attentive to the jury instructions, that you are probably focused on the language I used in defining the conspiracy to commit the crime of use of a weapon of mass destruction and then some similar language in the language on an unregistered destructive device, because in both of those situations, of course, we are using the term weapon, but I say, for example, that a destructive device does not include any device that was not designed or redesigned for use as a weapon, which naturally begs the question, what's a weapon? And similarly, a weapon of mass destruction does not include any device that was not designed or redesigned for use as a weapon.

The law has all kinds of definitions for so many things, and you have kept some of them or quoted some of them in here. There is no overarching definition that I know of in State or Federal law for a weapon. It's more contextual. But I do think the most general thing I can say is that the weapon, when it's just used as a word by itself, is meant to be a category of devices that could readily be used or designed to either destroy or injure or kill someone or something. That's the general idea of weapon as opposed to something you'd simply use for fun. You are going to use it to destroy, or capable of destroying, injuring or killing someone or some thing. That's the category of things we're trying to capture. And it could apply very broadly to anything from somebody's fist to a chair to anything, but in this context, of course, we are using it in

the context of the other things I've defined that have to do with, you know, in the case of weapon of mass destruction, explosives, incendiaries, poison gas and the whole list of things that I included there for you, and destructive device including a very similar list. But the broad category weapon we are trying to capture something that's a device or something that can be used to injure, kill or destroy someone or some thing.

So if that helps I hope, great. If it doesn't, you just let us know and you know where to find us and we know where to find you. All right. Take care. Good luck.

LAW CLERK: All rise, please.

(Jury out, 3:11 p.m.)

THE COURT: All right. Are there objections for the record?

MR. KESSLER: No, Your Honor.

MR. GIBBONS: Nothing further, Your Honor.

MS. KELLY: No, Your Honor.

MR. HILLS: No, Your Honor.

MR. BLANCHARD: Nothing additional.

THE COURT: Okay. Very good. Well, I'll keep you posted. I do have sentencings that were supposed to start at 3:00 and then another at 4:00. So I am going to move to the 3:00 o'clock now. You are all, of course, welcome to stay, but probably not your highest and most interesting use of time.



But we will convene whenever we hear again from the jury as needed, so you may want to stay close or closer than you have been. Thank you.

LAW CLERK: Court is in recess.

*****************************************************************

REPORTER'S CERTIFICATE

I, Paul G. Brandell, CSR-4552, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of an excerpt from the proceedings had in the within entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/ Paul G. Brandell

Paul G. Brandell, CSR-4552, RPR, CRR
U.S. District Court Reporter
399 Federal Building
Grand Rapids, Michigan 49503